FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 1 6 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

BINYAMIN PACKER,

                      Plaintiff,

– against –

JNR ADJUSTMAN COMPANY, INC.,

                      Defendant.

-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

15-CV-7034 (AMD) (SMG)

**ANN M. DONNELLY**, District Judge.

The plaintiff, Binyamin Packer, alleges that the defendant, JNR Adjustment Company, Inc., violated the Fair Debt Collection Practices Act ("FDCPA") by sending a letter offering to settle the plaintiff's debt; the plaintiff objects to a caveat in the letter that the offer "may have restrictions." The plaintiff filed his complaint in Queens County, New York, on November 17, 2015. The defendant removed the case to this court on December 15, 2015, pursuant to 28 U.S.C. §§ 1331 and 1441 *et seq.* and 15 U.S.C. § 1692 *et seq.* The defendant moves for dismissal on the ground that the complaint fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the defendant's motion to dismiss is granted.

### FACTUAL BACKGROUND

In June of 2015, the plaintiff owed $1,438.55 to Hertz Rent A Car. The plaintiff alleges that on or about June 30, 2015, the defendant sent a letter seeking to collect the debt. (Compl. ¶ 7.) In the letter, the defendant offered to settle the debt for eighty percent of the balance owed, in full

1

satisfaction of the debt, and noted that the offer "may have restrictions;" the letter did not specify what the restrictions were, and whether they involved fees. (Compl. ¶¶ 8 and 9; Dkt. No. 4, Ex. 1.)[1] The plaintiff claims that this letter was deceptively vague in violation of the FDCPA, 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), and 1692f. (*Id.* ¶ 12.)

## STANDARD OF REVIEW

In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts alleged in the complaint are accepted as true and reasonable inferences are drawn in the plaintiff's favor. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009.) Legal conclusions in the complaint do not have to be accepted as true. *Iqbal*, 566 U.S. at 678.

## DISCUSSION

The FDCPA was enacted "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1 (1977). In determining whether a communication from a debt collector violates the FDCPA, courts in this circuit consider the communication from the perspective of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). While recognizing that the FDCPA protects the naïve, however, courts have not abandoned the standard of reasonableness. *See Easterling v. Collecto, Inc.*, 692 F.3d 229,

---

[1] The plaintiff failed to attach the letter to the complaint but stipulated that the letter the defendant attached to its pre-motion conference request (Dkt. No. 4, Ex. 1), was substantively identical to the letter referred to in the complaint. (*See* Dkt. No. 9.)

2

233 (2d Cir. 2012). The FDCPA's protections do "not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Id.* at 234 (internal citation omitted). Because the least sophisticated consumer standard is objective, determining how the least sophisticated consumer would interpret language in a collection letter is a question of law that may be decided on a motion to dismiss. *Quinteros v. MBI Associates, Inc.*, 999 F.Supp.2d 434, 437 (E.D.N.Y. 2014).

The FDCPA prohibits debt collectors from using unfair or unconscionable means to collect debts, or as the Second Circuit has defined it, "[s]hockingly unjust or unfair," or "affronting the sense of justice, decency, or reasonableness." *Gallego v. Northland Grp. Inc.*, No. 15-1666-CV, 2016 WL 697383, at *3 (2d Cir. Feb. 22, 2016) (omitting a call-back name is not unconscionable.) Among other things, the FDCPA prohibits conduct that harasses, oppresses, or abuses (15 U.S.C. § 1692d), false, deceptive, or misleading representations (15 U.S.C. § 1692e), and, unfair or unconscionable means of collecting debt (15 U.S.C. §1692f). Prohibited conduct includes threats of violence, obscene language, publishing the names of consumers who refuse to pay their debts, advertising the sale of debt to coerce collection, repeated calls that are meant to annoy, and callers who do not disclose their identity. *See* 15 U.S.C. § 1692d(1)–(6). These categories are not exclusive, but nonetheless indicate the kinds of conduct lawmakers sought to punish.

Obviously, however, not every debt collector's communication to a consumer is prohibited. After all, the FDCPA was intended to prevent unethical means of debt collection, not to prevent collection altogether. In general, debt collectors are allowed to offer debtors payment options. *See Sutton v. Fin. Recovery Servs., Inc.*, No. 15-CV-313 RJD CLP, 2015 WL 4662599, at *6 (E.D.N.Y. Aug. 6, 2015) (a debt collector can offer payment options as part of an effort to resolve an


outstanding debt). Merely offering to settle a debt does not constitute harassment, oppression, or abuse. If that were the case, no debt could be forgiven for less than the full amount that the debtor owes.

In this case, even when the facts in the complaint are viewed in the light most favorable to the plaintiff, the complaint simply does not state a claim for which relief can be granted, for there is nothing about the letter that violates the provisions of the FDCPA. The plaintiff does not deny the existence of the debt, and does not claim that the defendant misrepresented its identity or sought to recover the wrong amount from him. Nor does he allege that the defendant threatened or harassed him in any way. Instead, the plaintiff's sole objection to the letter is a three word phrase: "restrictions may apply." There is simply nothing about this benign text that is coercive, inaccurate or deceptive, and indeed, the plaintiff does not offer any nefarious interpretation of it. Certainly, his single complaint – that the letter "offers no clues as to what [the] restrictions may be, or whether there may be fees involved" (Compl. ¶ 9) – does not establish a violation of the FDCPA.

For these reasons, the defendant's motion to dismiss is granted.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
March 16, 2016